UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JOHN SACCHI, *individually and on behalf of all other persons similarly situated*,

Plaintiff,

-v-

WeBULL FINANCIAL LLC, *et al*,

Defendants.

---------------------------------------------------------------------X

26-CV-8973 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On October 11, 2026, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). *See* ECF No. 1, ¶ 16.

With respect to himself, Plaintiff states only that he "resides outside New York." *Id.* This is not enough. For the purpose of diversity jurisdiction, "a statement of [a] part[y's] residence is insufficient to establish [his] citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Further, with respect to Defendant WeBull Financial LLC, Plaintiff alleges only that Defendant "is a corporation that, *inter alia*, maintains investment and retirement accounts of individuals nationwide and maintains its primary marketing, processing, technology, contracting, and customer service operations in the Borough of Manhattan at 44 Wall Street, which serves as it registered site with regulators including the federal Financial Industry Regulatory Authority." ECF No. 1, ¶ 5. It is well established, however, that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and*

*ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

Accordingly, no later than **October 21, 2026**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action. If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: October 14, 2026
New York, New York

JESSE M. FURMAN
United States District Judge