UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SACCHI, *individually and on behalf of all other persons similarly situated*,

Plaintiff,

-v-

WeBULL FINANCIAL LLC, *et al*,

Defendants.

26-CV-8973 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On November 2, 2026, *see* ECF No. 20, Plaintiff filed a letter motion seeking leave to "renew" his prior request for emergency relief, *see* ECF No. 10, which the Court previously dismissed as moot, *see* ECF No. 16. In light of Defendants' representations in the response letter filed on November 5, 2026, ECF No. 28, it appears the Court's mootness determination was and remains correct. Further, in light of the arguments presented in Defendants' combined motion to strike and dismiss Plaintiff's Amended Complaint, *see* ECF No. 23, the Court has serious doubts that Plaintiff would be entitled to emergency relief, *see, e.g., Winter v. Natural Res. Def. Council*, *Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits[.]"). Plaintiff's arguments in the reply letter filed on November 6, 2026, ECF No. 29, do not persuade the Court otherwise at this time, although the Court reserves judgment on that front.

Finally, in light of Defendants' response letter and combined motion to strike and dismiss, the Court declines to mandate the parties engage in settlement proceedings at this juncture. That said, given that the dispute at the heart of this litigation appears to concern a relatively small amount of money, the Court is of the strong belief that the matter can and should be resolved without the need for extensive litigation. Accordingly, the parties are directed to confer and discuss in good faith whether they can reach an agreement that would obviate the need for the Court's further involvement. If the parties conclude such a resolution is possible, they may promptly file a request for referral to a Magistrate Judge or mediation.

For those reasons, Plaintiff's letter motion is DENIED.

Additionally, because Defendants filed a motion to strike and dismiss Plaintiff's Amended Complaint, *see* ECF No. 23, Plaintiff has twenty-one (21) days after the service of that motion to amend the complaint once as a matter of course. That deadline, however, would fall on Thanksgiving. Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by **November 27, 2026**. Pursuant to Local Civil Rule 15.1, available at https://www.nysd.uscourts.gov/rules, any amended complaint should be filed with a redline showing all

differences between the original and revised filings. Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to strike and dismiss.

If Plaintiff does amend, by three (3) weeks after the amended complaint is filed, Defendants shall: (1) file an answer; (2) file a new motion to strike and dismiss; or (3) file a letter on ECF stating that they rely on the previously filed motion to strike and dismiss. If Defendants file an answer or a new motion to strike and dismiss, the Court will deny the previously filed motion to strike and dismiss as moot. If Defendants file a new motion to strike and dismiss or indicate that they rely on their previously filed motion to strike and dismiss, any opposition shall be filed within fourteen days, and any reply shall be filed within seven days of any opposition.

If no amended complaint is filed, Plaintiff shall file any opposition to the motion to strike and dismiss by **November 27, 2026**. Defendants' reply, if any, shall be filed by **December 4, 2026**.

Finally, it is further ORDERED that the initial pretrial conference previously scheduled for January 12, 2027 is adjourned *sine die*.

SO ORDERED.

Dated: November 6, 2026
New York, New York

JESSE M. FURMAN
United States District Judge